UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER NWAWUEZE<br>A# 078-564-183, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-890 |
| | § | |
| JANET NAPOLITANO, SABRINA GRAY, | § | |
| ROBERT LACY, JR., and DAVID JENNINGS, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is a motion for emergency hearing with regard to Sylvester

Nwawueze's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 2) filed by petitioner

Sylvester Nwawueze, and a motion to dismiss (Dkt. 5) filed by defendants United States Secretary

of the Department of Homeland Security ("DHS") Janet Napolitano, Houston Chief Counsel of

Immigration and Customs Enforcement ("ICE") Sabrina Gray, Warden of the Houston CCA

Detention Center Robert Lacy, Jr., and Houston Field Office Director for ICE David Jennings's

(collectively, "Defendants").  Having considered the motions, responses, and applicable law, the

court is of the opinion that this case should be DISMISSED.  No hearing is necessary.  Nwawueze's

motion for an emergency hearing (Dkt. 2) should thus be DENIED, and Defendants' motion to

dismiss (Dkt. 5) should be GRANTED.

## I. BACKGROUND

Nwawueze filed a petition in this court seeking a writ of habeas corpus under 28 U.S.C.

§ 2241.  Dkt. 1.  Nwawueze is a native and citizen of Nigeria, but he has been in the United States,

for the most part, for over 14 years.  *Id.*  His original visa was issued in August 1998 and expired in

November 1998. Dkt. 7, Ex. 1.  He entered the United States with this visa on September 11, 1998. *Id.*  He apparently remained in the United States after the visa expired, and he married a United States citizen on January 6, 1999.  Dkt. 7, Ex. 2.  His wife filed a petition for an alien relative (Form I-130) on Nwawueze's behalf that same month, and Nwawueze filed an application to register permanent residence or adjust status (Form I-485) in 2001.  *See* Dkt. 7, Exs. 2, 3.  Both were eventually denied.  Dkt. 7, Exs. 4, 5.  Nwawueze's wife died in 2001.  *See* Dkt. 7, Ex. 5.

Nwawueze appears to have gone back to Nigeria at some point in 2001.  Dkt. 7, Ex. 10.  In 2004, Nwawueze was allowed into the United States under 8 U.S.C. § 1182(d)(5), which provides for temporary admission on a case-by-case basis for urgent humanitarian reasons or significant public benefit.  Dkt. 7, Ex. 10; *see* 8 U.S.C. § 1182(d)(5).  Admittance under this section is deemed a "parole into the United States."  8 U.SC. § 1182(d)(5).  Nwawueze's parole into the United States expired on June 12, 2005.  Dkt. 7, Ex. 10.

Nwawueze remarried while he was paroled into the United States.  Dkt. 7, Ex. 11.  His new wife filed a petition for alien relative (Form I-130) on Nwawueze's behalf in May 2005; ICE denied the petition on June 9, 2011, finding that Nwawueze and the new wife had failed to establish a bona fide marriage.  Dkt. 7, Exs. 11, 12.  Nwawueze also filed another application to register permanent resident or adjust status (Form I-485) after the second marriage.  Dkt. 7, Ex. 13.  This application was denied on June 9, 2011.  Dkt. 7, Ex. 14.

In October 2010, Nwawueze pled guilty to two offenses in federal court—conspiracy to fraudulently obtain an immigration document and fraudulently obtaining an immigration document. Dkt. 1, Ex. A.  On November 1, 2010, DHS issued a notice to appear to Nwawueze that charged Nwawueze as an arriving alien who was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I). This section relates to the admissibility of aliens who are convicted of or admit having committed

a crime involving moral turpitude.  8 U.S.C. § 1182(a)(2)(A)(i)(I).  On July 21, 2011, an immigration judge determined during a hearing that Nwawueze had been convicted of a felony and a crime involving moral turpitude.  Dkt. 7, Ex. 22.  The judge then continued the hearing because Nwawueze indicated that he wished to apply for asylum.  *Id.*  On November 29, 2011, the immigration judge denied Nwawueze's application for withholding removal.[1]  Dkt. 7, Ex. 24.  The immigration judge issued a written order that same day, which ordered Nwawueze removed from the United States to Nigeria and denied Nwawueze's application for withholding removal.  Dkt. 7, Ex. 25.

Nwawueze appealed the immigration judge's decision to the Board of Immigration Appeals. Dkt. 7, Ex. 26.  On May 25, 2012, the Board of Immigration Appeals issued a decision and order finding that Nwawueze met his burden of showing that he is not inadmissible and subject to removal as charged because the crime to which he pled guilty "does not constitute a crime involving moral turpitude [as] his conviction only involves the attempted fraudulent possession of an immigration document, but makes no mention of any intent to make unlawful *use* of the immigration document." Dkt. 7, Ex. 28.  The Board thus sustained the appeal and ordered that the proceedings were terminated.  *Id.*

On June 6, 2012, DHS issued another notice to appear to Nwawueze, which indicated that he was an "arriving alien" who was not in possession of a valid unexpired passport or other suitable travel document, or document of identity and nationality, and that he was subject to removal based on 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Dkt. 7, Ex. 29.  Under this section, an immigrant applying for admission to the United States "who is not in possession of a valid unexpired immigrant visa, reentry

---

[1]  Nwawueze claimed that if he were forced to return to Nigeria, he would take his minor daughter with him, and she would likely be tortured by female genital mutilation.  Dkt. 7, Ex. 24. He also stated that he believed he would be killed because he had preached against the killing of innocent children, circumcisions, and the killing of twins.  *Id.*

3

permit, border crossing identification card, or other valid entry document . . . . and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required . . . is inadmissible." 8 U.S.C. § 1182(a)(7)(A)(i)(1). On July 3, DHS filed an additional charge of inadmissibility/deportability that charged that Nwawueze was subject to be taken into custody or deported under 8 U.S.C. § 1182(a)(6)(C)(i). This section states that an "alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(I).

On August 7, 2012, Nwawueze filed a motion for bond, arguing that he was not a flight risk or a danger to the community. Dkt. 7, Ex. 32. The immigration judge denied the request for a change in custody status, stating that he did not have jurisdiction because Nwawueze was considered an arriving alien. Dkt. 7, Ex. 33. Nwawueze did not appeal this order. Dkt. 5. He did, however, file a motion to recuse the immigration judge on October 16, 2012. Dkt.7 & Ex. 34. Nwawueze argued that the immigration judge should recuse because one of the key Government witnesses was related to the immigration judge. *Id.* The original judge recused, and another judge was assigned to the case. *See* Dkt. 7, Ex. 36. On October 19, 2012, Nwawueze filed another motion for bond. Dkt. 7, Ex. 35. The court held a hearing on the motion on October 26, 2012, and requested additional briefing on the issues of jurisdiction and changed circumstances. *See* Dkt. 7, Ex. 36. Nwawueze filed a supplemental brief on October 30, 2012, noting that the court could treat the request for bond as a motion to reconsider. Dkt. 7, Ex. 36. On December 3, 2012, the new immigration judge issued an order denying bond, noting that there were no changed circumstances. Dkt. 7, Ex. 38. Nwawueze appealed this order. *See* Dkt. 7, Ex. 39. On January 2, 2013, the immigration judge issued a written order explaining his reasons for denying Nwawueze's request

for bond.  Dkt. 7, Ex. 40.  This order states that the proper mechanism for challenging the original decision to deny bond was an appeal to the Board of Immigration Appeals.  *Id.*  The Board of Immigration Appeals dismissed the appeal on February 21, 2013.  Dkt. 1, Ex. F.

On January 4, 2013, the immigration judge issued a memorandum and decision dismissing DHS's charge that Nwawueze was inadmissible under section 212(a)(6)(C)(i) as barred by *res judicata*.  Dkt. 7, Ex. 41.  The judge, however, sustained DHS's charge that Nwawueze is inadmissible pursuant to section 212(a)(7)(A)(i)(I) because Nwawueze lacks a valid entry document. *Id.*  On February 22, 2013, the immigration judge issued a final order of removal requiring that Nwawueze be removed from the United States to Nigeria.[2]  Dkt. 7, Ex. 43.  Nwawueze appealed these orders.  *See* Dkt. 7, Exs. 42, 45.  This appeal is pending.

Nwawueze filed a petition for writ of habeas corpus and motion for emergency hearing with this court on March 29, 2013.  Dkts. 1, 2.  He requests that the court issue a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. 1.  He argues that he has been detained for more than two years, that he is eligible for but has been denied bond, and that he has exhausted his administrative remedies with regard to the bond issue.  Dkt. 1.  He states that he should have been granted bond when he requested bond after the original immigration judge recused, as the recusal of the original judge was a changed circumstance.  *Id.*  Additionally, he claims that he provided evidence that he is the primary caretaker of his mother, who has been diagnosed recently with Alzheimer's disease, and that his family has not been able to adequately provide for his mother while he has been in custody.  *Id.* This, he claims, was also clear evidence of a changed circumstance.  *Id.*  Nwawueze argues that neither the immigration judge nor the Board of Immigration Appeals gave him a hearing under

_____

[2] ICE has requested travel documents for Nwawueze from Nigeria.  *See* Dkt. 7, Ex. 44.

*Samuel Joseph*, 22 I. & N. Dec. 799 (B.I.A. 1999), and that this failure to provide a *Joseph* hearing is unconstitutional. *Id.* Additionally, he claims that his detention, which has lasted longer than six months, is unconstitutional under *Zadvydas v. United States*, 533 U.S. 678 (2001).

Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. Dkt. 5. They argue that Nwawueze has not exhausted his administrative remedies and that this court is without jurisdiction. The initial bond decision, which noted that Nwawueze was an arriving alien, was never appealed. *Id.* Instead, the motion to reconsider, which was found to contain no new material circumstances, is the order the Nwawueze appealed. *Id.* Defendants assert that Nwawueze's challenge of the bond issue is not independent of the removal proceeding and his petition is thus simply an attempt to circumvent the REAL ID Act, which requires all determinations of removability and judgments regarding relief from removal to be reviewed in a court of appeals. *Id.* Defendants claim that Nwawueze's argument that he is incorrectly classified as an arriving alien lacks merit, regardless, and that his reliance on *Zadvydas* is misplaced. *Id.*

Nwawueze filed a response to Defendants' motion to dismiss. Dkt. 12. He argues that he has exhausted his administrative remedies because the Board wrongfully dismissed his appeal of the immigration judge's bond decision. *Id.* He stresses that this case is focused exclusively on the matter of detention, and that his detention of more than two years in unreasonably prolonged. *Id.* He argues that the REAL ID Act does not deprive this court of jurisdiction because he is contesting only his detention, not the removal order itself. *Id.*

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election*

*Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.  *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction.  *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex.1998).  "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true.  *See id.* (citation omitted).  A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1998).  If sufficient, those allegations alone provide jurisdiction.  However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).  In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).  Moreover, a factual attack may occur at any stage of the proceedings.  *Id.*

Because Defendants' motion contains undisputed factual evidence, the court treats the motion as a factual attack.  As a factual attack, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of power to hear the case." *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir.1997) (citing *Lawrence v. Dunbar*, 919

7

F.3d 1525, 1529 (11th Cir.1990)).  Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Rodriguez*, 992 F. Supp. at 879.

### III. ANALYSIS

Defendants move to dismiss Nwawueze's case for lack of jurisdiction, arguing that the bond issue is inextricably linked with the decision that Nwawueze is removable to Nigeria and that only the courts of appeals may consider appeals of removal decisions.  Dkt. 5.  Nwawueze claims that he is challenging his continued detention only, and that this challenge is independent of the removal issue.  Dkt. 12.  He also argues that the immigration judges failed to give him a *Joseph* hearing with regard to whether he is subject to the provisions that deprive an immigration judge of jurisdiction to re-determine custody conditions, in violation of his due process rights.  *Id.*  Additionally, he asserts that his lengthy detention is repugnant under the Constitution as it runs afoul of the Supreme Court's determination in *Zadvydas v. United States* that six-months is a presumptively reasonable length of time for detention of a removable alien.  *Id.*

### A. Jurisdiction

Under the REAL ID Act,

> [A] petition for review filed with an appropriate court of appeals in accordance with [8 U.S.C. § 1252] shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the] chapter, except as provided in subsection (e) of [section 1252].

8 U.S.C. § 1252(a)(5).  Subsection (e) deals specifically with review of orders under 8 U.S.C. § 1225(b)(1).  It states that habeas corpus proceedings of determinations made under section

8

1225(b)(1) are available only under specific conditions not applicable here.  8 U.S.C. § 1225(e).

Nwawueze was ordered removed under 8 U.S.C. § 1182(a)(7)(A)(i)(I).[3]  *See* Dkt. 7, Ex. 41.

Nwawueze is being detained because DHS designated him as an arriving alien.  Dkt. 7, Ex. 29.   Under 8 C.F.R. § 1003.19(h)(2)(i)(B), "an immigration judge may not redetermine conditions of custody imposed by the Service with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act."  When Nwawueze requested bond, the original immigration judge, in accordance with section 1003.19(h)(2)(i)(B), ruled that because Nwawueze was classified as an arriving alien, he did not have jurisdiction to make a determination regarding Nwawueze's custody.  Dkt. 7, Ex. 33.  Nwawueze did not appeal that decision.  Instead, he filed a new motion for bond after the original immigration judge recused.

A hearing was held on that motion on October 26, 2012, and the immigration judge requested additional briefing on the issues of jurisdiction and changed circumstances.  Dkt. 7, Ex. 36.  Nwawueze conceded in his supplemental briefing that the renewed motion for bond could be treated as a motion to reconsider.  Dkt. 7, Exs. 34-36.  The second immigration judge, relying on 8 C.F.R. 1003.19(e), noted that the renewed motion should only be granted if the alien shows a material change in circumstances since the last bond determination. Dkt. 7, Ex. 40; *see* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination . . . shall be considered only upon a showing that the alien's circumstances have

---

[3]  Section 1182(a)(7)(A)(i)(I) states that immigrants who apply for admission who are "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulation issued by the Attorney General," are inadmissible.

9

changed materially since the prior bond determination.").  The judge found that there were no such changed circumstances, and he denied the request for change in custody.  Dkt. 7, Exs. 38, 40.

Nwawueze argues that he should have been classified as an alien who overstayed his non-immigrant tourist visa, not as an arriving alien.  Dkt. 1.  He also argues that there *were* changed circumstances between his initial application and his renewed application, as the original judge recused and his mother had been diagnosed with a medical condition.  Dkt. 12.  These are not, however, *material* changes in circumstances, as they have no impact on whether Nwawueze should be considered an "arriving alien" or an alien who overstayed his immigrant visa.

Regardless, even if the changes were material, this court is without jurisdiction to review the order denying Nwawueze's application for bond.  Whether Nwawueze's continued detention is lawful is inextricably intertwined with whether he is an arriving alien, and the classification as an arriving alien is both the basis of the decision that the immigration judge did not have jurisdiction to determine bond and the basis of the immigration judge's order of removal.  Since courts of appeals have exclusive jurisdiction of the removal issue under the REAL ID Act, this court lacks jurisdiction to determine whether Nwawueze is an arriving alien, and thus lacks jurisdiction to address Nwawueze's substantive argument that the immigration judge erroneously denied bond.  *Cf. Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) ("Although as a technical matter Singh's habeas petition seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal, this portion of his habeas petition is wholly intertwined with the merits of his removal order."); *Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006) (holding that because the petitioner made the same basic argument in his petition for writ of habeas corpus that he made in his petition for review of his order of removal, the court of appeals, rather than the district court, had exclusive jurisdiction).

10

**B.**   *Joseph* **Hearing**

In addition to claiming that the immigration judges' orders regarding bond were substantively incorrect because he is not an arriving alien, Nwawueze also asserts that he was denied procedural due process because he did not get a full hearing on the merits with regard to his applications for bond, and that he is entitled to such a hearing under *Samuel Joseph*, 22 I. & N. Dec. 799 (B.I.A. 1999). "A *Joseph* hearing is a hearing to determine whether an alien is properly included within one of the regulatory provisions that would deprive the Immigration Judge of jurisdiction to re-determine custody conditions." *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 906 n.9 (S.D. Tex. 2007). Defendants argue that the only order Nwawueze may appeal is the order on the motion to reconsider since he did not appeal the initial order, and that a *Joseph* hearing is not required for a motion to reconsider.   Dkt. 5.

Since the court does not have jurisdiction to review the bond issue, it likely does not have jurisdiction to consider whether Nwawueze was denied procedural due process with regard to his detention by not receiving a *Joseph* hearing.   It is inconsequential, however, because Nwawueze's claim would fail, anyway.   It is clear that Nwawueze briefed the issue before the initial immigration judge's decision (Dkt. 7, Ex. 32), briefed the issue again when he applied for bond with the second immigration judge (Dkt. 7, Ex. 35), had a hearing on the matter before the second immigration judge (Dkt. 7, Ex. 36) (stating that the court held a hearing on the issue of bond), and filed a supplemental brief on the issues of jurisdiction and changed circumstances before the second judge ruled (Dkt. 7, Ex. 36).   It is unclear to the court why Nwawueze believes he did not receive a *Joseph* hearing when his own briefing to the immigration court indicates that "a hearing was held on the issue of bond" and supplemental briefing was ordered on jurisdiction.   Dkt. 7, Ex. 36.   Nwawueze had more than

11

sufficient opportunity to make his arguments regarding bond.  Nwawueze has not met his burden of

demonstrating that the court has jurisdiction or that he was denied a *Joseph* hearing.

C.      ***Zadvydas***

Nwawueze additionally argues that the REAL ID Act does not preclude habeas review of

challenges to detention that are independent of challenges to removal orders, and that his claim is

merely related to unconstitutional detention, not removal itself.  Dkt. 12.  Nwawueze asserts that

under *Zadvydas v. United States*, his prolonged detention is unreasonable and unconstitutional, and

the court thus has jurisdiction to rule on the petition for writ of habeas corpus.  *Id.*  In *Zadvydas*, the

United States Supreme Court considered whether the Attorney General could indefinitely detain a

removable alien under the statute authorizing detention beyond the normal 90-day removal period.

*Zadvydas v. United States*, 533 U.S. 680, 682, 121 S. Ct. 2491 (2001).  There were two different

cases before the Court.  *Id.* at 684.  Kestutis Zadvydas was born in a displaced persons camp in

Germany in 1948 and was of Lithuanian descent.  *Id.*  He immigrated to the United States when he

was eight.  *Id.*  Kim Ho Ma was born in Cambodia, but fled to refugee camps in Thailand and the

Philippines when he was two, and eventually came to the United States when he was seven.  *Id.* at

685.  Zadvydas and Ma both got into trouble with the law when they grew up.  Zadvydas was

convicted of possessing cocaine with the intent to distribute, served two years of his sentence, was

released to INS, and was ordered deported to Germany.  *Id.* at 684.  Germany would not take

Zadvydas because he was not a German citizen, and Lithuania would not accept Zadvydas, either.

*Id.*  Ma was involved in a gang-related shooting, served two years in prison, was released to INS

custody, and ordered removed.  *Id.* at 685.  Cambodia does not have a repatriation treaty with the

United States, and it appeared there was no realistic chance that Cambodia would accept Ma.  *Id.* at

686.

The Supreme Court first noted that federal courts have jurisdiction to hear constitutional challenges to post-removal-period detention under the 28 U.S.C. § 2241. *Id.* at 688. The statute under which Zadvydas and Ma were being detained indicates that aliens who are inadmissible and ordered removed under section 1227 may be detained "beyond the removal period and, if released, shall be subject to [certain] terms of supervision." 8 U.S.C. § 1231(a)(6). The Court "read an implicit limitation into the statute" and determined that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Id.* at 689. The Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem," as "[f]reedom from imprisonment . . . lies at the heart of the liberty that [the Fifth Amendment Due Process Clause] protects." *Id.* at 690. "[G]overnment detention violates that Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections, . . . or, in certain special and 'narrow' nonpunitive 'circumstances,' . . . where a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (citations omitted). The Court determined that the civil confinement in Zadvydas's and Ma's cases was "not limited, but potentially permanent." *Id.* at 691. The Court recognized a six-month period during which detention of a removable alien is presumptively reasonable. *Id.* at 701. After this period, if the alien can show there is reason to believe there is not a significant likelihood of removal in the foreseeable future, the Government must provide evidence rebutting this showing. *Id.*

In *Clark v. Martinez*, the Supreme Court considered whether its interpretation of the statute interpreted by the *Zadvydas* court as it relates to inadmissible aliens. *See Clark v. Martinez*, 543 U.S. 371, 125 S. Ct. 716 (2005). In *Clark*, two men who came to the United States from Cuba as part of the Mariel boatlift were paroled into the country under 8 U.S.C. § 1182(d)(5). 543 U.S. at

374.  Both men became inadmissible thereafter due to prior criminal convictions.  *Id.*  The Attorney General revoked their parole, and they were ordered removed to Cuba.  *Id.* at 374-75.  Both men were in post-removal-order custody beyond the 90-day removal period and sought writs of habeas corpus.  *Id.* at 375-76.  The Court noted that section 1231(a)(6) governs the detention beyond the removal period for both inadmissible and removable aliens and that the *Zadvydas* court had already interpreted the statute.  *Id.* at 377-78.  The court reasoned that "because the statutory text provides for no distinction between admitted and nonadmitted aliens," the same answer applies despite different factual circumstances.  *Id.* at 379.  The Court thus held that "[s]ince the Government has suggested no reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the 6-month presumptive detention period we prescribed in *Zadvydas* applies."  *Id.* at 386.

Nwawueze urges the court to determine that his continued detention runs afoul of *Zadvydas* and *Clark* because he has been confined significantly longer than six months.  However, section 1231(a)(6), which is the statute at issue in these cases, governs detention *beyond* the removal period.  It has not been six months since the removal order was issued.  *See* Dkt. 7, Ex. 43 (dated March 25, 2013).  In fact, the 90-day removal period in the statute has not even run.  Thus, Nwawueze's petition under *Zadvydas* is premature.

## IV. Conclusion

Nwawueze's motion for an emergency hearing (Dkt. 2) is DENIED.  Defendants' motion to dismiss (Dkt. 5) is GRANTED.   Nwawueze's petition is hereby DISMISSED for want of jurisdiction.

Signed at Houston, Texas on June 4, 2013.

_____
Gray H. Miller
United States District Judge